United States District Court
Middle District Of Georgia
Macon Division

RECEIVED
CLERK'S OFFICE
2015 APR 20 AM 8:41
U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

Complaint

Grady R. Williams Jr.,
    Plaintiff,

Civil Action No.:

V.

Ocmulgee Judicial Circuit, Baldwin County;
Hugh V. Wingfield III, Superior Court Judge;
Vicki Bass, Assistant Attorney General;
Individually and in their Official Capacities,
    Defendants.

5:15-CV-139

I. Jurisdiction And Venue.

1. This is a civil action authorized by 42 U.S.C. Section 1985 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). The court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. Section 1367. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Middle District of Georgia is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

II. Plaintiff

3. Plaintiff Grady R. Williams Jr., is at all times mentioned herein, a citizen of the United States in the custody of the Georgia Department of Corrections. He is legally responsible for filing an petition for Writ of Habeas Corpus. He is currently confined in Riverbend Correctional Facility, in Milledgeville, Georgia.

II. Defendants

4. The Ocmulgee Judicial Circuit of Baldwin County is legally responsible for adjudicating Plaintiff's Petition For Writ of Habeas Corpus by usurpation.

5. Defendant, Hugh V. Wingfield, is an Superior Court Judge for the Ocmulgee Judicial Circuit of Baldwin County. He is legally responsible for usurpation, fraud, conspiracy to interfere with civil rights, obstructing justice, depriving persons of rights and privileges, and treason to the United States Constitution.

6. Defendant Vicki Bass, is an Assistant Attorney General for the Department Of Law. She is legally responsible for fraud, conspiracy to interfere with civil rights, obstructing justice, depriving persons of rights and privileges.

7. Each named defendant is sued individually and in his or her official capacity. At all times mentioned in this complaint each defendant acted under color of state law.

III. Facts

8. At all times relevant to this case, Plaintiff filed an Petition For Writ of Habeas Corpus, challenging the validity of his indictment.

9. On March 11, 2015, the Ocmulgee Judicial Circuit, Baldwin County, lacked subject matter jurisdiction to adjudicate Plaintiff's Petition For Writ Of Habeas Corpus, due to the fact that Plaintiff was indicted by an fraud indictment.

10. Plaintiff avers that his indictment does not have touching itself a Certificate of authority reflecting its authenticity as a valid True Bill indictment to confer subject matter jurisdiction to the courts for any adjudication.

11. Plaintiff submitted the defendants with a copy of the fraud indictment identifying the fatal defect that renders the document void under state law.

12. Defendant Bass obstructed justice and committed fraud, where any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of Plaintiff.

13. Upon information and belief, Fraud may be consummate by signs or tricks, or through agents employed to deceive, or by any other unfair way used to cheat another. O.C.G.A. 23-2-56

14. Upon information and belief, The judgement of a court having no jurisdiction of the person or subject matter or void for any other cause is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it. O.C.G.A. 17-9-4

15. Defendant Wingfield exercised usurpation to dismiss Plaintiff's petition and engaged in conspiratorial acts of concealment and enforcement of Defendant Bass' intent to deprive Plaintiff of rights and principles, and ultimately the unlawfully imposed legal presumptions submitted at the Hearing on March 11, 2015.

16. Plaintiff asserts that his attacks are against the unconstitutional procedure used to conceal the abovementioned principles of law, and each named defendant obstructed justice by conspiring to interfere with Plaintiff's civil rights, pursuant to O.C.G.A. 23-2-56.

17. Upon information and belief, any defendant may, by proper pleadings and sufficient evidence, obtain the benefit of extraordinary remedies allowed in equitable proceedings by the Superior court. O.C.G.A. 23-3-3, 23-3-4

18. Plaintiff is now informed and from those informations alleges, that the District Attorney of Effingham County unlawfully and unconstitutionally initiated this action by use of the unconstitutional civil practice which allowed initiation of actions without averring the capacity of a party to bring or defend an action, the authority of a party to defend an action in a representative capacity, or the legal existence of an organized association of persons that is made a party. O.C.G.A. 9-11-9(a)

19. There-under on March 20, 2006, Plaintiff was fraudulently indicted wherein he was legally presumed to be of a capacity and/or civil status that he is not. O.C.G.A. 50-2-21(ca).

20. Also, an unincorporated association of persons, being the real party of interest and defendant in this action, acted behind the facade of the state of Georgia, See O.C.G.A. 9-2-24 and 9-2-29, in which the Plaintiff cannot be lawfully held liable.

21. Also, under the aforementioned circumstances Defendant's brought Plaintiff before the Ocmulgee Judicial Circuit of Baldwin County on March 11, 2015, for an hearing. Plaintiff's now informed that at said point the Court only had jurisdiction over this case under O.C.G.A. 15-6-8 / Georgia Constitution Article VI, Section IV, Paragraph I, in which the Plaintiff avers that it was of the general cases identified "Felonies" which Superior Courts are delegated exclusively authority.

22. In that Plaintiff's attorney did not inform him of the above-mentioned authorities and their relevancy of the consequences of arraignment, Plaintiff was not fully informed of his choices and ineffective assistance of counsel, pleaded "not guilty" to the merits of the case. Thereby, Plaintiff unknowingly waived his rights embedded O.C.G.A. 17-7-111 to challenge those legal presumptions necessary for this Court to conduct business under O.C.G.A. 15-1-2 / Georgia Constitution Article VI, Section I, Paragraph V.

23. The Ocmulgee Judicial Circuit exercised jurisdiction unlawfully over Plaintiff as a class of persons he is not nor liable to and over controversy that acted as the subject matter of a dispute between two parties that does not or could not lawfully exist.

24. Therefore, said exercise of jurisdiction was in violation of the true construction of O.C.G.A. 15-1-2.

IV. Exhaustion Of Legal Remedies.

25. Plaintiff originally filed his habeas corpus petition in the Superior Court of Macon County on September 29, 2014, challenging the validity of his September 26, 2008, Effingham County jury trial convictions for armed robbery, possession of a firearm during the commission of a crime, and two counts of obstruction of an officer. Plaintiff's petition for writ of habeas corpus was dismissed as untimely. Grady R. Williams Jr. v. Warden, Civil Action No.: 14CV47336, Baldwin County Superior Court, Habeas Corpus. Plaintiff filed Motion to Reconsider and Memorandum.

V. Legal Claims

26. Plaintiff reallege and incorporate paragraphs 1-25.

27. Plaintiff alleges that the Ocmulgee Judicial Circuit, Baldwin County exercised of jurisdiction over his person was under the unlawful legal presumption that he is of the capacity or civil status of the class of persons identified as "denizens". See O.C.G.A. 50-2-21(a). Attached and incorporated herein by reference is Plaintiff's Affidavit which established his only capacity or civil status and rebuts any legal presumptions to the contrary. Thus, each named defendant created an individual liberty interest that offended traditional notion of fair play and substantial justice, causing pain, suffering and emotional distress.

28. Plaintiff's not being informed of the true nature and cause of the accusations against him in this matter as above mentioned destroyed his guarantee of Due Process of Law as mandated by Georgia's and United States' Constitutions. Thereby his guarantee of Equal Protection of the Laws was destroyed, causing emotional distress.

29. Plaintiff's ignorance in the instant matter is a charge to his representing counsel(s) recognized as ineffective assistance of counsel. Failure by counsel to provide advice may be the basis of a claim of ineffective assistance of counsel. See United States v. Broce, 488 U.S. 563, 574, causing emotional distress.

30. The aforementioned circumstances and principles of law, which were unknown to Plaintiff are relevant in establishing that the Ocmulgee Judicial Circuit unlawfully exercised jurisdiction over the subject matter in this claim. Clearly in this State a person's liability to laws is based upon their classification. O.C.G.A. 50-2-21(ca), causing emotional distress.

31. Consistently, precedent established for construction of the constitutional provisions now found in Georgia Constitution Article I, Section V, Paragraph IV (ca) holds "Of necessity all laws cannot bear equally upon all natural persons." Such persons have been always subject to classification for the purpose of legislation. Union Sav. Bank & Trust v. Dotterheim, 107 Ga. 606, 625, 34 S.E. 217. The provisions have been construed as being well established to authorize the General Assembly to classify persons for the purpose of legislation. Black v. Blanchard, 227 Ga. 167, 168, 179 S.E. 2d 228 (1971). Cf. O.C.G.A. 50-2-21(ca); causing emotional distress.

32. Jurisdiction of the subject matter does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs... it is incorrect to suppose that the power to decide in any case rests solely on the averments of a pleading... If the particular case falls within the "general class" of which the court has jurisdiction of the court. This is what the Defendants refused to do. Broadly they laid down the rule that if the court has jurisdiction to enter upon the inquiry in respect to the issues involved [i.e. Cf. O.C.G.A. 15-6-8, and Georgia Constitution Article VI, Section IV, Paragraph I] then the court has jurisdiction of the subject matter. The result is not altered by the fact that the court may arrive at an utterly erroneous conclusion. See Zeagler v. Zeagler, 192 Ga. 453, 457, 15 S.E. 2d 478 (1941); causing emotional distress.

33. In the instant matter, the defendant's failure to "look to the particular case to find grounds for ousting the jurisdiction" was an effect of Plaintiff's Counsel's failing to inform him of the District Attorney's use of the unconstitutional civil practice to initiate this action herein stated. The voluntariness of the plea depends on whether counsel's advice was within the range of competence. McMann v. Richardson, 397 U.S. 759, 771,

counsel's failure to advise Plaintiff of the consequences of arraignment in Georgia, "Arraignment has different consequences in different jurisdictions." Hamilton v. Alabama, 368 U.S. 52, 54; Cf. O.C.G.A. 9-11-9(a), 50-2-21(a); Counsel's incompetent advice for Plaintiff to plead "not guilty" at arraignment without having made an independent examination of the fact, circumstances, pleadings and applicable laws relevant to Georgia's arraignment and therefore offer Plaintiff an informed opinion (Cf. Cammer v. Walker, 290 Ga. 251, 255 (2011)); and Counsel's failure to inform Plaintiff of his right to challenge the legal presumptions created by the District Attorney's use of civil practice as herein stated as authorized under O.C.G.A. 17-7-111, causing emotional distress.

34. Plaintiff's pleading "not guilty" at arraignment was due to counsel's being ineffective as mandated by the Sixth Amendment of the United States Constitution and the rationale that those legal presumptions that the defendants exercises of jurisdiction under O.C.G.A. 15-1-2, is unreliable. "The presumption that counsel's assistance is essential requires [Courts] to conclude that a [proceeding] is unfair if the Plaintiff is denied counsel at a critical stage of his trial. Similarly, if counsel entirely fails to subject the prosecution's case to a meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable. United States v. Cronic, 466 U.S. 648, 659. Plaintiff's attorney did not subject the prosecution's case at arraignment to any adversarial testing, causing emotional distress.

35. Plaintiff has no plain adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this Court grants the declaratory and injunctive relief which Plaintiff seeks.

VI. Prayer For Relief

36. Wherefore, Plaintiff respectfully pray that this court enter judgement:

37. Granting Plaintiff a declaration that the acts and omissions described herein violate his rights under the Constitutions and laws of this State and of the United States; and

38. A preliminary and permanent injunction ordering the arrest of each named defendant for Obstructing justice, Conspiracy to interfere with civil rights, and Depriving persons of rights and privileges, and Fraud pursuant O.C.G.A. 23-2-51, 23-2-56.

39. Granting Plaintiff compensatory damages in the amount of $1,600,000. against each defendant, jointly and severally for each year of confinement.

40. Plaintiff seeks punitive damages in the amount of $1,600,000. against each defendant, jointly and severally for each year of confinement and for violating Plaintiff's constitutional rights;

41. Plaintiff seeks a bench trial on all issues triable;

42. Plaintiff seeks recovery of his cost in this suit;

43. Any additional relief this court deems just, proper, and equitable.

Dated: April 14, 2015

Respectfully Submitted,

Grady Rx Williams Jr
#1130545
Riverbend Correctional Facility
196 Laying Farm Rd.
Milledgeville, Ga.

Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Milledgeville, Georgia on

Grady Rx Williams Jr / Grady Rx Williams Jr

United States District Court
Middle District Of Georgia
Macon Division

Grady R. Williams Jr.
   Plaintiff,

V.

Ocmulgee Judicial Circuit, Baldwin County, et al.
   Defendants.

Declaration
Of
Grady R. Williams Jr.

Civil Action N.:

Grady R. Williams Jr. hereby declares:

I am over the age of 18 years of age and presently not under any disability that affects my ability to make this declaration.
I am a citizen of the United States, a natural born citizen of the State of Georgia and an inhabitant having my domicile within the territorial boundaries of said state.
My social status is that of membership of the Posterity of We the People of the United States with inalienable Rights, Privileges, and Immunities guaranteed by organic law and secured by the Constitution for the United States, and Georgia under the circumstances.

I am a freeholder in the American sense and nonresident of "this state" or any other political corporation of a forum state with a body politic or body corporate repugnant to the Freedom and Free Exercise of Choice and Accountability under the Universal Law of Nature and Nature's God and whose right to religious conscience is that of an inherent natural sense of moral conduct towards mankind.

I have never knowingly, intelligently, or for certain fair considerations, waived or renounced my private character status by completion and acceptance of Application for Birth Certificate, Social Security, or any other record used by government(s) as forms of social contracting private persons into associations, unincorporated, technically agencies being mere corporations

regulated through Commerce.

My private character status, under the mandates of the Equal Protection Clauses, guarantees and mandates that he be put on the same footing as the class of persons identified as private persons in Georgia Constitution Article III, Section VI, Paragraph IV(c), whom through the authority of Art. III, Sec. VI, Par. IV(a), are classified as "citizens."

I, through an intensive study of the Fourteenth Amendment, being only declarative and affirmative of the Civil Rights Act of 1866 (See United States v. Wong Kim Ark, 169 U.S. 649, 687-88), is informed that Congress uses the Recruiting of Private individuals into the Social Security Administration (42 U.S.C. 901) by unconstitutional social contracting techniques. Said unconstitutional social contracting is the basis that I, under the principles of "... to make and enforce contracts ..." (See 42 U.S.C. 1981) is being classified as persons whom has waived or renounced their private character status (cf. O.C.G.A. 1-3-7) to take upon the character of individuals whom make up an association, recognized in law as "artificial persons" (cf. O.C.G.A. 1-2-1, and 50-2-21(a)) the defacto class of persons identified "denizens" as classified Ga. Const. Art. III, Sec. VI, Par. IV(a), which is the unconstitutional and unlawful premises of the Defendant's exercised jurisdiction in violation of a true application of O.C.G.A. 15-1-2, and 17-9-4.

I am informed that this State, as every "State" of the United States, is obligated to recognize the association of persons created by Congress under the Social Security Administration. See (42 U.S.C. 302(a)(1); See also Art. III, Sec. VI, Par. III(a)(3) and O.C.G.A. 9-2-25, and 9-2-29) and therefore has created this Ocmulgee Judicial Circuit, Baldwin County as a Special Tribunal (cf. Ga. Const. Art. VI, Sec. I, Par. IV and O.C.G.A. 15-1-1) to enforce the special laws applicable to said community of persons that make up a portion of the "public" (See O.C.G.A. 9-2-1(2), 9-2-29, and 17-1-2; cf. 9-2-1(3).

I submit this declaration in rebutting the fictions and error of fact used in (case no. 14CV47336) for jurisdictional prerequisites obtained by the State's Attorney's use of an unconstitutional civil practice (O.C.G.A. 9-11-9(a)) to initiate its action which deprived me of the right and opportunity to defend such presumptions. Cf. O.C.G.A. 15-1-a and 17-7-111.

I affirm that the facts stated in this Complaint, attached to and incorporated herein by reference, are true to the best of my knowledge and belief as verified as such hereby.

I hereby rebut and correct the error of fact created at by my arraignment which affects the validity and regularity of its judgement in that this declaration and attached pleading as material facts to the parties that, under the circumstances herein verified. I could not and did not give the Defendant jurisdiction over my person or the subject matter; and or was decieved by fraud into giving the Defendants jurisdiction in that I am not lawfully legally presumed of the class of person liable to the subject matter the Defendants was constituted to exercise jurisdiction over.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Milledgeville, Georgia on April 14, 2015.

Grady R. Williams Jr.