IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GRADY R. WILLIAMS, JR.,              :
                                     :
          Plaintiff,                 :
     VS.                             :
                                     :        NO. 5:15-CV-00139-CAR-CHW
OCMULGEE JUDICIAL CIRCUIT            :
 et al.,                             :
                                     :
          Defendants.                :
_____      :

## ORDER

*Pro se* Plaintiff Grady R. Williams, Jr., who is currently incarcerated at Riverbend

Correctional Facility in Milledgeville, Georgia, has filed a recast complaint (ECF No. 5),

seeking relief pursuant to 42 U.S.C. § 1983 pursuant to the Court's previous order.

Because Plaintiff is a prisoner "seek[ing] redress from a governmental entity or [an]

officer or employee of a governmental entity," the Court is required to conduct a

preliminary screening of his recast complaint. *See* 28 U.S.C. § 1915A(a).   After

conducting this review, the Court finds Plaintiff has failed to state a viable claim.   His

Recast Complaint is accordingly **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

## I.      Standard of Review

When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must

accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107,

1110 (11th Cir. 2006).   *Pro se* pleadings, like the one in this case, are "held to a less

stringent standard than pleadings drafted by attorneys and will, therefore, be liberally

construed."   *Id.* (internal quotation marks omitted).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted).  The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."   *Id.* (internal quotation marks omitted).   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action."  *Twombly*, 550 U.S. at 555 (first alteration in original).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id.* at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.

1995).    If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.    Plaintiff's Claims

Plaintiff, a state inmate, contends that he filed a petition for writ of habeas corpus in Baldwin County, Georgia, which is in the Ocmulgee Judicial Circuit.  Plaintiff alleges that the state court did not have jurisdiction to adjudicate this petition because the indictment Plaintiff challenged therein "does not have touching itself a 'certificate of authority' reflecting its authenticity as valid true bill indictment."  (Recast Compl. 2, ECF No. 6.)  Plaintiff further contends that his indictment "was not returned in open court and publicly entered upon the minutes of the proceedings of that court." *Id.* at 3.  Plaintiff apparently asserts that Defendant Wingfield, a superior court judge, failed to recognize this and wrongfully dismissed Plaintiff's habeas petition. *Id.*  The basis for Plaintiff's claims against "the Ocmulgee Judicial Circuit" and Assistant Attorney General Vicki Bass is unclear.

Plaintiff's claims fail for a number of reasons.  First, Defendant Wingfield is entitled to judicial immunity.  "Judges are entitled to absolute judicial immunity from damages under section 1983 for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *McBrearty v. Koji*, 348 F. App'x 437, 439 (11th Cir. 2009) (per curiam).  "A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction." *Id.*

According to Plaintiff's Complaint in this case, Defendant Wingfield's allegedly unconstitutional action was the dismissal of Plaintiff's habeas petition.  The fact that Plaintiff believes Defendant Wingfield erroneously concluded he had jurisdiction to rule on Plaintiff's habeas petition does not mean Defendant Wingfield acted in the absence of all jurisdiction.  *See Davis v. Self*, 547 F. App'x 927, 931 (11th Cir. 2013) (per curiam) (rejecting argument that "judges may be held liable for damages any time they incorrectly find in favor of jurisdiction").  Defendant Wingfield is therefore entitled to judicial immunity.

Plaintiff's claims against Defendant Bass are unclear from Plaintiff's recast complaint, and they may be dismissed for that reason alone.  *See, e.g., Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 1999) (dismissal appropriate if complaint fails to state facts sufficient to connect a defendant to an alleged constitutional violation).  In addition, a prosecutor is generally "entitled to absolute immunity for acts undertaken ... in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State."  *Mastroianni v. Bowers*, 173 F.3d 1363, 1366 (11th Cir. 1999) (internal quotation marks omitted).

Plaintiff has also failed to allege a basis for holding the Ocmulgee Judicial Circuit liable.  The Ocmulgee Judicial Circuit is not a "person" who is subject to suit under 42 U.S.C. § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993) (holding that a state court is not a person under § 1983).  Plaintiff's claim against the Ocmulgee County Judicial Circuit thus fails to state a claim upon which relief may be granted.

4

Furthermore, even if Plaintiff had sued the appropriate parties, Plaintiff is also precluded from recovering the relief sought in his recast complaint.  The United States Supreme Court has held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Plaintiff is essentially alleging in his recast complaint that the indictment that led to his conviction was invalid and that Defendants failed to recognize its invalidity.  (*See* Recast Compl. 2-3.)  If these allegations were to result in a successful judgment on Plaintiff's behalf, that judgment would necessarily imply the invalidity of his conviction or sentence.  Thus, Plaintiff's § 1983 claims must be dismissed unless he "can demonstrate that the conviction or sentence has already been invalidated."  *Heck*, 512 U.S. at 487.  Plaintiff has made no such showing.  Accordingly, his claims are *Heck*-barred and must be **DISMISSED without prejudice.**

### III.    Conclusion

In sum, Plaintiff's allegations, even when liberally construed and read in his favor, fail to state a claim upon which relief may be granted.  Accordingly, Plaintiff's Complaint must be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b).

**SO ORDERED**, this 4th day of November, 2015.


S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE